UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PHUNTSOK DHONDUP, on behalf of himself and others similarly situated,

Plaintiff,

-against-

NORIGAMI INC. d/b/a SHIROKURO, PUBLIC MARKET, INC., JAMES LIM, and YOHAN SHIM,

Defendants.
-----------------------------------------------------------x

Index No.: 1:26-cv-06049-VSB-RFT

**ANSWER**

Defendant YOHAN SHIM ("Defendant") by and through his attorneys, AHNE & JI, LLP, answers the Plaintiff's Complaint as follows:

1. All of the allegations contained in paragraph "1" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, they are denied, and Defendant refers questions of law to the Court.

2. All of the allegations contained in paragraph "2" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, they are denied, and Defendant refers questions of law to the Court.

3. Lacks information or knowledge sufficient to ascertain the truth or accuracy of the allegations contained in paragraph "3" of the Complaint.

4. Lacks information or knowledge sufficient to ascertain the truth or accuracy of the allegations contained in paragraph "4" of the Complaint.

5. Lacks information or knowledge sufficient to ascertain the truth or accuracy of the allegations contained in paragraph "5" of the Complaint.

6. Denies each and every allegation contained in paragraph "6" of the Complaint.

7. Lacks information or knowledge sufficient to ascertain the truth or accuracy of the allegations contained in paragraph "7" of the Complaint.

8. Lacks information or knowledge sufficient to ascertain the truth or accuracy of the allegations contained in paragraph "8" of the Complaint.

9. Admits in part and lacks information or knowledge sufficient to ascertain the truth or accuracy in part to the allegations contained in paragraph "9" of the Complaint. Defendant lacks information or knowledge sufficient to ascertain the truth or accuracy of the allegation contained in paragraph "9" of the Complaint stating that Defendant James Lim implemented the illegal tip and wage theft practices set forth herein. Defendant admits the remaining allegations contained in paragraph "9" of the Complaint.

10. Denies each and every allegation contained in paragraph "10" of the Complaint.

11. Denies each and every allegation contained in paragraph "11" of the Complaint.

12. Denies each and every allegation contained in paragraph "12" of the Complaint.

13. Denies each and every allegation contained in paragraph "13" of the Complaint.

14. Denies each and every allegation contained in paragraph "14" of the Complaint.

15. Denies each and every allegation contained in paragraph "15" of the Complaint.

16. Denies each and every allegation contained in paragraph"16" of the Complaint.

17. Denies each and every allegation contained in paragraph "17" of the Complaint.

18. Denies each and every allegation contained in paragraph "18" of the Complaint.

19. Denies each and every allegation contained in paragraph "19" of the Complaint.

20. Denies each and every allegation contained in paragraph "20" of the Complaint.

21. Denies each and every allegation contained in paragraph "21" of the Complaint.

22. Denies each and every allegation contained in paragraph "22" of the Complaint.

23. Denies each and every allegation contained in paragraph "23," including subparagraphs (a) through (f), of the Complaint.

24. Denies each and every allegation contained in paragraph "24" of the Complaint.

25. Denies each and every allegation contained in paragraph "25" of the Complaint.

26. Denies each and every allegation contained in paragraph "26" of the Complaint.

27. Denies each and every allegation contained in paragraph "27" of the Complaint.

28. Denies each and every allegation contained in paragraph "28" of the Complaint.

29. Denies each and every allegation contained in paragraph "29" of the Complaint.

30. Denies each and every allegation contained in paragraph "30" of the Complaint.

31. Denies each and every allegation contained in paragraph "31" of the Complaint.

32. Denies each and every allegation contained in paragraph "32" of the Complaint.

33. Denies each and every allegation contained in paragraph "33" of the Complaint.

34. Denies each and every allegation contained in paragraph "34" of the Complaint.

35. Lacks information or knowledge sufficient to ascertain the truth or accuracy of the allegations contained in paragraph "35" of the Complaint.

36. Lacks information or knowledge sufficient to ascertain the truth or accuracy of the allegations contained in paragraph "36" of the Complaint.

37. Denies each and every allegation contained in paragraph "37" of the Complaint.

38. Admits in part and lacks information or knowledge to ascertain the truth or accuracy in part to the allegations contained in paragraph "38" of the Complaint. Defendant admits the allegation contained in paragraph "38" of the Complaint stating that the general manager of the Restaurant was Stanley Park. Defendant lacks information or knowledge to ascertain the truth or accuracy of the remaining allegations contained in paragraph "38" of the Complaint.

39. Denies each and every allegation contained in paragraph “39” of the Complaint.

40. Denies each and every allegation contained in paragraph “40” of the Complaint.

41. Lacks information or knowledge sufficient to ascertain the truth or accuracy of the allegations contained in paragraph “41” of the Complaint.

42. Lacks information or knowledge sufficient to ascertain the truth or accuracy of the allegations contained in paragraph “42” of the Complaint.

43. Denies each and every allegation contained in paragraph “43” of the Complaint.

44. Denies each and every allegation contained in paragraph “44” of the Complaint.

45. Denies each and every allegation contained in paragraph “45” of the Complaint.

46. Denies each and every allegation contained in paragraph “46” of the Complaint.

47. Lacks information or knowledge sufficient to ascertain the truth or accuracy of the allegations contained in paragraph “47” of the Complaint.

48. Denies each and every allegation contained in paragraph “48” of the Complaint.

49. Lacks information or knowledge sufficient to ascertain the truth or accuracy of the allegations contained in paragraph “49” of the Complaint.

50. Lacks information or knowledge sufficient to ascertain the truth or accuracy of the allegations contained in paragraph “50” of the Complaint.

51. Denies each and every allegation contained in paragraph “51” of the Complaint.

52. Denies each and every allegation contained in paragraph “52” of the Complaint.

53. Lacks information or knowledge sufficient to ascertain the truth or accuracy of the allegations contained in paragraph “53” of the Complaint.

54. Denies each and every allegation contained in paragraph “54” of the Complaint.

55. Lacks information or knowledge sufficient to ascertain the truth or accuracy of the allegations contained in paragraph “55” of the Complaint.

56. Denies each and every allegation contained in paragraph “56” of the Complaint.

57. Lacks information or knowledge sufficient to ascertain the truth or accuracy of the allegations contained in paragraph “57” of the Complaint.

58. Denies each and every allegation contained in paragraph “58” of the Complaint.

59. Lacks information or knowledge sufficient to ascertain the truth or accuracy of the allegations contained in paragraph “59” of the Complaint.

60. Lacks information or knowledge sufficient to ascertain the truth or accuracy of the allegations contained in paragraph “60” of the Complaint.

61. Denies each and every allegation contained in paragraph “61” of the Complaint.

62. Denies each and every allegation contained in paragraph “62” of the Complaint.

63. Denies each and every allegation contained in paragraph “63” of the Complaint.

64. Denies each and every allegation contained in paragraph “64” of the Complaint.

65. Denies each and every allegation contained in paragraph “65” of the Complaint.

66. Responds to the allegations incorporated by reference in paragraph “66” of the Complaint in the same manner as said incorporated allegations were previously responded to herein.

67. Denies each and every allegation contained in paragraph “67” of the Complaint.

68. Denies each and every allegation contained in paragraph “68” of the Complaint.

69. Denies each and every allegation contained in paragraph “69” of the Complaint.

70. Denies each and every allegation contained in paragraph "70" of the Complaint. Defendant further denies that Plaintiff is entitled to any relief sought in paragraph "70" of the Complaint as against Defendant.

71. Responds to the allegations incorporated by reference in paragraph "71" of the Complaint in the same manner as said incorporated allegations were previously responded to herein.

72. Denies each and every allegation contained in paragraph "72" of the Complaint.

73. Denies each and every allegation contained in paragraph "73" of the Complaint. Defendant further denies that Plaintiff is entitled to any relief sought in paragraph "73" of the Complaint as against Defendant.

74. Responds to the allegations incorporated by reference in paragraph "74" of the Complaint in the same manner as said incorporated allegations were previously responded to herein.

75. Denies each and every allegation contained in paragraph "75" of the Complaint.

76. Denies each and every allegation contained in paragraph "76" of the Complaint. Defendant further denies that Plaintiff is entitled to any relief sought in paragraph "76" of the Complaint.

77. Responds to the allegations incorporated by reference in paragraph "77" of the Complaint in the same manner as said incorporated allegations were previously responded to herein.

78. Responds to the allegations incorporated by reference in paragraph "78" of the Complaint in the same manner as said incorporated allegations were previously responded to herein.

79. Denies each and every allegation contained in paragraph “79” of the Complaint.

80. Denies each and every allegation contained in paragraph “80” of the Complaint. Defendant further denies that Plaintiff is entitled to any relief sought in paragraph “80” of the Complaint.

81. Responds to the allegations incorporated by reference in paragraph “81” of the Complaint in the same manner as said incorporated allegations were previously responded to herein.

82. Denies each and every allegation contained in paragraph “82” of the Complaint.

83. Denies each and every allegation contained in paragraph “83” of the Complaint. Defendant further denies that Plaintiff is not entitled to any relief sought in paragraph “83” of the Complaint as against Defendant.

84. Responds to the allegations incorporated by reference in paragraph “84” of the Complaint in the same manner as said incorporated allegations were previously responded to herein.

85. Denies each and every allegation contained in paragraph “85” of the Complaint.

86. Denies each and every allegation contained in paragraph “86” of the Complaint.

87. Denies each and every allegation contained in paragraph “87” of the Complaint. Defendant further denies that Plaintiff is entitled to any relief sought in paragraph “87” of the Complaint as against Defendant.

88. Responds to the allegations incorporated by reference in paragraph “88” of the Complaint in the same manner as said incorporated allegations were previously responded to herein.

89. Denies each and every allegation contained in paragraph “89” of the Complaint.

90. Denies each and every allegation contained in paragraph "90" of the Complaint.

91. Denies each and every allegation contained in paragraph "91" of the Complaint. Defendant further denies that Plaintiff is entitled to any relief sought in paragraph "91" of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

92. Plaintiff has failed to state a cause of action upon which relief can be granted as against Defendant, as Defendant cannot, and does not, constitute Plaintiff's employer.

**SECOND AFFIRMATIVE DEFENSE**

93. There existed no employer-employee relationship between Plaintiff and Defendant, as Plaintiff was not employed by Defendant within the meaning of the FLSA, NYLL, and any other applicable wage and hour statutes.

**THIRD AFFIRMATIVE DEFENSE**

94. Defendant was, and still is, an employee, working as a server, at Defendant Public Market, Inc.

**FOURTH AFFIRMATIVE DEFENSE**

95. Defendant has never been an owner or co-owner of Defendants Norigami Inc. d/b/a Shirokuro or Public Market, Inc. Defendant never possessed, and still does not possess, any ownership interests in Defendants Norigami Inc. d/b/a Shirokuro or Public Market, Inc.

**FIFTH AFFIRMATIVE DEFENSE**

96. Defendant lacked, and still lacks, operational control of Defendants Norigami Inc. d/b/a Shirokuro or Public Market, Inc., as he did not, and still does not, have the authority to hire and/or fire employees, supervise and control employee work schedules or conditions of employment, determine the rate and method of compensation of employees, maintain employment

records, direct employees, or discipline employees. Accordingly, Plaintiff cannot establish that Defendant exercised operational or functional control over Plaintiff's employment sufficient to satisfy the economic reality test under the FLSA or NYLL.

**SIXTH AFFIRMATIVE DEFENSE**

97. Defendant has no role, responsibility, or input regarding other employees' compensation, hours, or employment conditions, including Plaintiff's.

**SEVENTH AFFIRMATIVE DEFENSE**

98. Defendant lacked, and still lacks, managerial or supervisory authority, as he is an employee, working as a server, at Defendant Public Market, Inc.

**EIGHTH AFFIRMATIVE DEFENSE**

99. Defendant has never been an officer, director, shareholder, or manager of Defendants Norigami Inc. d/b/a Shirokuro or Public Market, Inc.

**NINTH AFFIRMATIVE DEFENSE**

100. Defendant did not, and still does not, have the authority over management, supervision, and/or oversight of Defendants Norigami Inc. d/b/a Shirokuro or Public Market, Inc.'s affairs.

**TENTH AFFIRMATIVE DEFENSE**

101. As to the allegations regarding a putative class, the claims alleged in the Complaint may not be properly certified or maintained as a class action because: Plaintiff has failed to allege adequately all of the elements necessary to establish a valid class action under the Federal Rules of Civil Procedure and other applicable law; the putative class members are not readily ascertainable; Plaintiff is not an appropriate class representative because his claims are not common and/or typical of the claims of the purported class members, which are subject to

numerous individualized defenses; the claims in the Complaint are inappropriate for class treatment because there are no common questions of law or fact, the alleged common questions do not predominate over individual issues raised by the claims in the Complaint, and Plaintiff and his counsel would not adequately represent the putative class members; the claims are based on an inherently individualized set of facts; and Plaintiff had pled an overbroad and unascertainable class definition.

102. Defendant reserves the right to allege additional defenses which may be discovered upon discovery in this action.

**AS AND FOR A CROSSCLAIM AGAINST DEFENDANTS NORIGAMI INC. d/b/a SHIROKURO, PUBLIC MARKET, INC., and JAMES LIM**

103. If Plaintiff sustained any damages as alleged in the Complaint, which is expressly denied, such damages were cause in whole or in part by the acts, omissions, payroll practices, wage calculations, gratuity collection and distribution practices, timekeeping practices, recordkeeping practices, managerial decisions, employment policies, and operational control of Defendants Norigami Inc. d/b/a Shirokuro, Public Market, Inc., and James Lim, over which Defendant exercised no authority or control.

104. By reason of the foregoing, in the event that Plaintiff recovers any verdict or judgment against Defendant, Defendant is entitled to full indemnity and/or contribution from, and to judgment over and against, Defendants Norigami Inc. d/b/a Shirokuro, Public Market, Inc., and James Lim for all or part of any such verdict or judgment, which Plaintiff may recover against Defendant.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant YOHAN SHIM respectfully requests judgment against Plaintiff as follows:

a. Dismissing Plaintiff's Complaint with prejudice;

b. Denying relief sought therein;

c. Awarding Defendant his costs, expenses, disbursements, and attorneys' fees in defending Plaintiff's claims;

d. On Defendant's Crossclaim, a judgment awarding and declaring that Defendant is entitled to full indemnity and/or contribution from Co-Defendants for any loss Defendant may sustain in this matter, including all costs, expenses, disbursements, and attorneys' fees, and for all or part of any verdict or judgment which Plaintiff may recover against Defendant;

e. Awarding Defendant his costs, expenses, disbursements, and attorneys' fees in bringing the Crossclaim against Co-Defendants; and

f. For such other, further, and different relief as the Court deems just, proper, and equitable.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Fed. R. Civ. P., Defendant YOHAN SHIM demands a trial by jury on all issues so triable.

Dated: September 1, 2026
New York, New York

**AHNE & JI, LLP**

/s/ Younghoon Ji
By: Younghoon Ji, Esq.
*Attorneys for Defendant Yohan Shim*
45 East 34th Street, 5th Floor
New York, New York 10016
Tel.: (212) 594-1035
Email: yji@ahnejillp.com

To: D. Maimon Kirschenbaum, Esq.
Michael DiGiulio, Esq.
Joseph & Kirschenbaum LLP
*Attorneys for Plaintiff*
45 Broadway, Suite 320
New York, New York 10006

Diana Seo, Esq.
Seo Law Group, PLLC
*Attorneys for Defendants Norigami Inc., Public Market, Inc., and James Lim*
136-68 Roosevelt Ave., Suite 726
Flushing, NY 11354